UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

JACQUES DORCELY,

                Plaintiff,            **MEMORANDUM AND ORDER**
    -v.-                                      On Union Defendants' Motion to
                                                     Dismiss (doc. #34)
WYANDANCH UNION FREE SCHOOL        06-CV-1265 (DRH) (AKT)
DISTRICT, *et al.*,

                Defendants.
_____

**APPEARANCES:**

**For the Plaintiff:**
**Harriet A. Gilliam, Esq.**
P.O. Box 1485
Riverhead, New York 11901

**For Defendants Wyandanch Teachers' Association and Peter Noto:**
**James R. Sander**
52 Broadway, 9th Floor
New York, New York 10004
By: Ann M. Burdick, Esq., and
     Steven A. Friedman, Esq.


**HURLEY, Senior District Judge:**

      Presently before the Court is a dismissal motion filed by Defendants Wyandanch

Teachers' Association and Peter Noto (the "Union Defendants") pursuant to Federal Rules of

Civil Procedure 12(b)(6).[1]  For the reasons stated below, the Union Defendants' Motion to

---

[1]Arguing that Plaintiff's claims against them are essentially DFR claims, the Union Defendants also moved for dismissal pursuant to Federal Rule of Civil Procedure12(b)(1). The Union Defendants initially took the position that this Court lacks subject matter jurisdiction over the claims because Plaintiff's employer, the District, is "a school district or 'political subdivision', under the State of New York" (Defs.' Supp. Mem. Mot. Dismiss at 9), and as such is not subject to the Labor Management Relations Act ("LMRA").  However, for reasons not articulated by them, the Union Defendants chose not to pursue this argument further in their

Dismiss is GRANTED.

## BACKGROUND

Plaintiff, an adult male of Haitian national origin, was employed by the Wyndanch Union Free School District (the "District") from September 2, 2003, until September 18, 2004, the date of his termination, as a school psychologist. (Compl. ¶¶ 4-5.) His first assignment in the District was the Milton L. Olive Middle School. He was subsequently re-assigned to the Dr. Martin Luther King, Jr. Elementary School before his termination. (*Id.*, ¶ 46.) Plaintiff's Complaint asserts violations of Equal Protection and Due Process pursuant to 42 U.S.C. § 1983; violations of Titles VI and VII on account of his race, national origin, and color, and in retaliation for engaging in protected activity; and violations of the First Amendment pursuant to 42 U.S.C. § 1983. With regard to the Union Defendants, Plaintiff alleges:

> 168. Defendant WTA [*i.e.*, the Wyandanch Teachers' Association], as plaintiff's duly certified representative engaged in a patter [sic] and practice of discriminatory treatment of plaintiff by treating him differently than similarly situated white members by failing to advise him of his rights and failure to challenge unwarranted disciplinary actions and working conditions on his behalf, despite his numerous request [sic] that the union intercede.
>
> 169. Defendant union violated plaintiff's equal protection rights, pursuant to Section 1983.
>
> * * *

---

Reply Memorandum. Rather, in their reply, the Union Defendants develop their alternative LMRA argument, namely that Plaintiff's DFR claims are barred by the statute of limitation. (*See* Defs.' Reply Mem. at 4-6.) By their silence in their Reply Memorandum, the Court assumes that the Union Defendants have abandoned their subject matter jurisdiction argument and accept that the Court does have such jurisdiction. Thus, the Court will focus on the Union Defendants' Rule 12(b)(6) arguments.

> 172. Defendant Noto, treated plaintiff differently than white employees by failing to advocate on his behalf and failing to respond to his many requests for assistance in countering the numerous unwarranted disciplinary measures and lack of observations and evaluations, on account of his race and national origin, all in violation of Section 1983.
>
> 173. Defendant Noto failed to file grievances on plaintiff's behalf with respect to the lack of observations and evaluations and the recommendation to terminate his employment, all on account of his race and national origin, in violation of Section 1983.

(*Id.*, ¶¶ 168-69, 172-73; *see also* Letter from Harriet A. Gilliam, Esq., to Hon. Denis R. Hurley, U.S. Dist. Judge, E.D.N.Y. (June 28, 2006) (doc. #4) (stating that "the only claims against the union defendants [are] under Section 1983 as set forth in the Fifthteen [sic] and Sixteenth Causes of Action" and "there is no Title VII claim against the union defendants").) These claims are based on the asserted facts that:

> Plaintiff made numerous complaints to defendant Noto, requesting that the union intervene with respect to the adverse employments conditions he had experienced . . . since his first day . . . with respect to the unwarranted reprimands and harassment he was receiving ever since his reassignment . . . . Plaintiff also notified the defendant WTA of his requests to defendant Noto for assistance, which also failed to respond. . . . Neither Noto, nor the WTA took any action on plaintiff's behalf to advocate for his rights or to even question administration on the way plaintiff was being treated, while they had taken such action upon behalf of white employees.

(*Id.* at ¶¶ 61-62; *see also id.* at ¶ 66.) In lieu of an answer, the Union Defendants filed the Motion to Dismiss now under consideration. First, the Union Defendants argue that Plaintiff's § 1983 causes of action against them, *i.e.*, the Fifteenth and Sixteenth Causes of Action, must fail because they are not state actors acting under color of state law. Second, the Union Defendants

3

aver that Plaintiff's so-called "duty of fair representation" ("DFR") claim is barred by the applicable six-month statute of limitation.

In opposition to the Union Defendants' Rule 12(b)(6) argument, the Plaintiff argues that he has "sufficiently allege[d] specific details as to union's actions and omissions in the context of its public function as a public employee's [sic] union governed by the laws of the State of New York." (Pl.'s Opp'n Mem. at 6.) He further asserts that since the Court imposed a stay of discovery, he "cannot determine the extent to which the union may have acted jointly with the school defendants . . . ." (*Id.* at 7.) Finally, Plaintiff would have the Court discount the Union Defendants' reliance on *Mehroff v. William Floyd Union Free School District*, 2005 WL 2077292 (E.D.N.Y. Aug. 22, 2005), as distinguishable from the instant case. As to the Union Defendants' DFR statute of limitations argument, Plaintiff disavows any DFR claim. Plaintiff states he "has alleged a violation of his constitutional rights of equal protection and due process relative to the union defendants' discriminatory treatment of him based on his race and national origin, (Pl.'s Opp'n Mem. at 7), and that "contrary to union defendants' assertions, there is no allegation of breach of duty of fair representation." (*Id*. at 3).*[2]*

## DISCUSSION

### I. *Standard of Review*

Rule 8(a) provides that a pleading shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court recently clarified the pleading standard applicable in evaluating a motion to dismiss under Rule

---

[2] The disavowal of any DFR claim is presumably driven by Plaintiff's "concession" that the breach of duty of fair representation "would be an issue falling exclusively within the jurisdiction of the New York State Public Employee Relations Board." (Pl.'s Opp'n Mem. at 3).

12(b)(6). In *Bell Atl. Corp. v. Twombly*, – U.S.–, 127 S. Ct. 1955 (2007), the Court disavowed the well-known statement in *Conley v. Gibson*, 355 U.S. 41 (1957) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 45-46. The *Twombly* Court stated that this language "is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." 127 S. Ct. at 1969. Instead, to survive a motion to dismiss under *Twombly*, a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 1274.

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Id.* at 1964-65 (citations and internal quotation marks omitted).

The Second Circuit has stated that *Twombly* does not require a universally heightened standard of fact pleading, but "instead requir[es] a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007). In other words, *Twombly* "'require[s] enough facts to 'nudge [plaintiffs'] claims across the line from conceivable to plausible.'" *In re Elevator Antitrust Litig.*, – F.3d –, No. 06-3128-CV, 2007 WL 2471805, at *2 (2d Cir. Sept. 4, 2007) (quoting *Twombly*, 127 S. Ct.

at 1974)).³ As always, the Court must "accept[] all factual allegations in the complaint and draw[] all reasonable inferences in the plaintiff's favor." *ATSI Commcn's, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).

## II.     *The Instant Case*

For the reasons discussed below, the Union Defendants' Motion to Dismiss is granted, and the Plaintiff's claims against the Union Defendants are dismissed.

Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . .

42 U.S.C. § 1983 (2000). In order to state a claim under § 1983, Plaintiff must allege that he was injured by either a state actor or a private party acting under the color of state law. *See Ciambriello v. County of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002); *Marrero*, 2003 WL 1621921, at *4; *Commodari v. Long Island Univ.*, 89 F. Supp. 2d 353, 372 (E.D.N.Y. 2000) (Trager, J.).

Here, the injury Plaintiff claims to have suffered is a deprivation of his constitutional right to equal protection caused by the Union Defendants' actions, or lack thereof. (*See* Compl. ¶ 169.) However, there is no claim that the Union is a state actor. Rather, according to his Verified Complaint, as to the Union, the Plaintiff alleges only:

---

³ Although *Twombly* did not make clear whether the plausibility standard applies beyond the antitrust context, the Second Circuit has "declined to read *Twombly's* flexible 'plausibility standard' as relating only to antitrust cases." *ATSI Commn's, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 n.2 (2d Cir. 2007).

> Upon information and belief, defendant Wyandanch Teachers
> Association is the duly certified bargaining unit and representative
> of the teachers and non-supervisory professional staff employed by
> the Wyndanch Union Free School District, of which plaintiff was a
> dues paying member during his employment with the defendant
> school district.

(Compl. ¶ 15.) Indeed, "[l]abor [u]nions generally are not state actors." *Marrero*, 2003 WL 1621921, at *4 (citing *Ciambriello*, 292 F.3d at 323). And, the fact that the Union represents public employees does not make it a state actor. *See id*. Nor does the Complaint contain any allegation that the Union–a private party–was acting under color of state law. (*See, e.g., id.* at ¶¶ 61-62, 66, 167-73.) Likewise, there is no allegation that the Union was acting in concert with a state actor, such as the District, in order to inflict unconstitutional injury upon Plaintiff. *See, e.g., Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999) (listing pleading requirements of a § 1983 conspiracy claim). At best, all that can liberally be read into Plaintiff's Verified Complaint are conclusory allegations which are insufficient to defeat a dismissal motion pursuant to Rule 12(b)(6). *See Marrero*, 2003 WL 1621921, *4; see generally Amron*, 464 F.3d at 344 (acknowledging liberal pleading standard, but instructing that "bald assertions and conclusions of law will not suffice") (further citation omitted). What would be required are examples of specific instance of misconduct, *see, e.g., Ciambriello*, 292 F.3d at 325, sufficient to "nudge [plaintiff's] claims across the line from conceivable to plausible," *Twombley*, 127 S. Ct. at 1974. None are presented here.

Similarly, Plaintiff's § 1983 claims against Noto must also fail for the same reasons as stated for the Union. As to Noto, Plaintiff alleges, he was "at all times relevant herein president of the defendant Wyandanch Teachers' Association." (Compl. ¶ 16.) There is no allegation

Noto was a state actor, a private party acting under color of state law, or a private party acting in concert with a state actor to inflict unconstitutional injury on Plaintiff. (*See id.* at ¶¶ 61-62, 66, 167-173.) Moreover, even if Plaintiff had alleged facts to show that Noto was a private party acting under color of state law or in concert with a state actor, his Complaint contains only bald allegations of discriminatory action. As stated above, this is not enough.

> It is well settled that although allegations in the complaint must be taken as true when deciding on a Rule 12(b)(6) motion to dismiss, a conclusory allegation that defendant, a private entity, was acting under color of state law, *without supporting facts*, does not suffice to state a claim under § 1983.

*Ivey v. Kawasaki Rail Car, Inc.*, No 05-cv-2207 (CPS), 2005 WL 3133765 (E.D.N.Y. Nov. 23, 2005) (emphasis added). Here, what is noticeably missing from Plaintiff's Complaint are supporting facts that demonstrate Noto was acting under color of law or in conspiracy with a state actor when he allegedly failed to advocate on Plaintiff's behalf. Therefore, in his Verified Complaint, Plaintiff has failed to state a § 1983 claim against Noto upon which this Court can grant relief.

Indeed, this case is quite similar to *Mehroff v. William Floyd Union Free School District*, Civil Action No. 04-3850 (JS)(MLO), 2005 WL 2077292 (E.D.N.Y. Aug. 22, 2005). The *Mehroff* court was also presented with a motion to dismiss a Section 1983 claim of conspiracy between a union and a state actor. The *Mehroff* court instructed:

> In order for a plaintiff to successfully allege a Section 1983 claim of conspiracy between a union and a state actor, a plaintiff must include factual allegations showing: "(1) an agreement between two or more state actors or between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages."

8

2005 WL 2077292, at *4 (quoting *Pangburn*, 200 F.3d at 72). Having outlined the plaintiff's required showing, the *Mehroff* court then stated, "[p]laintiff failed to make claims in the Complaint alleging willful joint action between the Union and a state actor such as the [school] District." *Id*. The fact that the plaintiff "indirectly confesse[d]" that the union had filed complaints on her behalf only buttressed the court's determination that plaintiff's § 1983 claim against her union should be dismissed. *See id*.

Plaintiff would have this Court discount *Mehroff* on the grounds it is factually distinguishable from the instant case; in *Mehroff* the union defendant filed grievances on behalf of plaintiff *Mehroff*, *id.* at *4, while in the instant case the Union Defendants did not. (*See* Pl.'s Opp'n Mem. at 7.) This factual distinction is not enough to defeat the Union Defendants' Rule 12(b)(6) motion. Reviewing the requirements to make out a § 1983 claim of conspiracy, as articulated by the *Mehroff* court, this Court stands firm that Plaintiff has not made out such a claim as against the Union Defendants.

Because of the stay of discovery imposed in this case, Plaintiff also argues he "cannot determine the extent to which the union may have acted jointly with the school defendants to commit an unconstitutional act of treating plaintiff differently on account of his race and/or national origin." (*Id.* at 7.) The stay of discovery, however, does affect the instant motion which is addressed to the pleadings.

Since the Plaintiff has failed to plead the necessary facts to show that the Union Defendants were private actors acting under the color of state law or in concert with state actors,

the Court grants the Union Defendants' dismissal motion pursuant to Rule 12(b)(6).[4]

In view of Plaintiff's explicit denial of any claim of the breach of the duty of fair representation, it is unnecessary for the Court to address the Union Defendants' arguments regarding same.

## CONCLUSION

For the reasons stated above, the Union Defendants' Motion to Dismiss (doc. # 34) Plaintiff's Verified Complaint as to them is GRANTED.

**SO ORDERED.**

Dated: September 25, 2007
Central Islip, New York

/s/
Denis R. Hurley,
United States Senior District Judge

---

[4] In his opposition papers, Plaintiff seeks "leave to refile." The Court, however, will consider a request to amend the complaint only upon a properly presented motion.